IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-95-D

TERRY MICHAEL BRAND, )
)
Plaintiff, )
)
v. ) **ORDER**
)
KILOLO KIJAKAZI, Acting Commissioner )
of Social Security, )
)
Defendant. )

This matter is before the clerk on the pro se plaintiff's motion captioned "request for Entry of Default Judgment By Clerk" which the clerk construes as a motion for entry of default against defendant [DE-13]. For the reasons set forth below, the motion is DENIED, and plaintiff is directed to show cause why this action should not be dismissed for failure to make service.

## BACKGROUND

Pro se plaintiff Michael Terry Brand initiated this action by filing a complaint [DE-1] on February 25, 2021. Along with the complaint, he included three proposed summonses, each of which was directed to the Andrew Saul, then the Commissioner of the Social Security Administration, in care of the General Counsel for agency [DE-1-3; DE-1-4; DE-1-5]. On March 2, 2021, the Honorable James C. Dever III, United States District Judge, issued an Order of Deficiency [DE-3] which notified plaintiff, in part, of the following:

> You have not provided proposed summonses for all of the necessary parties for service of this action.
> The defendants are a government agency or employee, and summonses are required for the agency or employee, the U.S. Attorney General, and the U.S. Attorney Civil Process Clerk.

March 2, 2021 Order [DE-3]. Judge Dever directed the clerk "to provide all the necessary forms regarding the deficiencies above to Plaintiff for completion. In addition, the Clerk is DIRECTED to provide a sample summons and the instructions for making service on the United States, its Agencies, Corporations, and Officers." Id.

On March 19, 2021, plaintiff filed a proposed summons directed to the U.S. Attorney's Office [DE-5]. He did not provide a proposed summons for the U.S. Attorney General. He also filed a certificate of service stating that he mailed a copy of the complaint, brief in support of the complaint, summons and certificate of service to the United States Attorney [DE-6]. The clerk issued the summonses directed to Saul and the U.S. Attorney [DE-7], but also specifically notified plaintiff:

> You have not provided proposed summons for all necessary parties for service of this action. Specifically, the court has not received a proposed summons for the U.S. Attorney General. I have provided a blank proposed summons for you to fill out. Please complete the summons and return it to our court within fourteen (14) days of the date of this letter.

March 19, 2021 Letter [DE-8].

Plaintiff did not file any additional proposed summons. He did file a motion to amend the complaint [DE-9] which was granted by Judge Dever in a text order on April 13, 2021 [DE-10]. On July 26, 2021, plaintiff filed the instant motion, stating that defendant was served a summons in this matter on March 19, 2021.

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The record shows that defendant has not filed an answer in this action. Default is not proper,

2

however, because plaintiff has not shown that the defendant was properly served with the summons and complaint as required by Rule 4 of the Federal Rules of Civil Procedure.

When a plaintiff sues an agency of the United States or a United States officer sued in his or her official capacity, the plaintiff must serve process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. This includes (1) delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, or to an assistant United States Attorney or clerical employee designated by the United States Attorney, or by sending a copy of the documents by registered or certified mail to the civil process clerk at the office of the United States Attorney; (2) sending a copy of the summons and complaint to the Attorney General of the United States by registered or certified mail; and (3) sending a copy of the summons and complaint by registered and certified mail to the agency or officer in question. See Fed. R. Civ. P. 4(i)(1), (2). Here, there is no indication in the record that either the United States Attorney or the Commissioner of Social Security have been served with a summons issued by this court. Additionally, plaintiff has never submitted a proposed summons for the Attorney General, and therefore could not have served the Attorney General as required by Rule 4(i).

Without being properly served, a defendant has no obligation to file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of

3

process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A). Accordingly, the motion for entry of default must be DENIED.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time" unless the plaintiff shows good cause for the failure to make timely service. More than 90 days have passed since plaintiff filed the complaint in this court, and as explained above there is no proof that service as required by Rule 4(i) has occurred. Accordingly, plaintiff is DIRECTED to show good cause why service has not been made within 90 days of the filing of the complaint. Plaintiff must comply with this directive within 14 days of the date of this order. At the end of this time period, the record will be forwarded to the presiding judge to whom this action is assigned for a determination of whether plaintiff has demonstrated good cause. **Failure to respond to this notice within the time allotted may result in dismissal of this case without prejudice.**

SO ORDERED. This the *14* day of September, 2021.

Peter A. Moore, Jr.
Clerk of Court